IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,261-01






EX PARTE CHARLES PHILIP MARSH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR94-176-1 IN THE 22nd DISTRICT COURT


FROM COMAL COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to thirty-five years' imprisonment. The Third Court of Appeals affirmed his
conviction. Marsh v. State, No. 03-94-00736-CR (Tex. App.-Austin, delivered March 13, 1996, no
pet.).. 

 Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his conviction had been affirmed. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel on appeal. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. (1) 

 The trial court shall make findings of fact as to whether Applicant's appellate counsel timely
informed Applicant that his conviction had been affirmed . The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 60 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 90 days of the date of this order. No extensions of time shall be
allowed from this Court. 



Filed January 24, 2007

Do not publish

1. The Applicant filed this pro se application with the district clerk on May 7, 2003. The
record indicates that the trial court then appointed habeas counsel on June 13, 2003. Habeas
counsel, Mr. Ariel Payan, was then allowed to withdraw on March 13, 2006. The trial court then
appointed new habeas counsel, Mr. Paul Finley. However, the record is unclear regarding
whether Mr. Finley is even aware that Applicant's pro se application has been forwarded to this
Court.